# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In Re:                                    Case No: 23 - 02533
                                          Chapter 11, Subchapter V
Denn-Ohio, LLC,                           Hon. John T. Gregg
                                          Filed On: October 31, 2023

                   Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN**
**INTERIM AND FINAL ORDER (A) AUTHORIZING IT TO USE CASH**
**COLLATERAL; AND (B) PROVIDING ADEQUATE PROTECTION**
**AND OTHER RELIEF**

---

**PRESENT:   HONORABLE JOHN T. GREGG**
United States Bankruptcy Judge

**THIS MATTER** having come before the Court upon *Debtor's Motion for Entry of an Interim and Final Order (A) Authorizing It to use Cash Collateral; and (B) Providing Adequate Protection and Other Relief* ("Motion Authorizing Cash Collateral"); and a hearing having been held on November___, 2023 regarding Debtor's Motion Authorizing Cash Collateral; and the Court having reviewed the Motion Authorizing Cash Collateral, considered the statements of counsel, noting due service upon all creditors, and being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1.      That cause exists to authorize Debtor to use cash collateral to fund the payment of post-petition operating expenses that arise in its ordinary course of business, including, but not limited to: court approved post-petition professional fees and expenses; employee wages and benefits; mortgage; insurance; inventory; and utilities. This order shall further authorize Debtor to pay pre-petition employee wages and obligations as set forth in *Debtor's Motion for Entry of An Order Authorizing Debtor to Pay Employee Obligations* (Dkt. No. _____) using cash

collateral. Debtor's use of cash collateral shall be in a manner consistent with its cash flow projections, which were attached as "Exhibit B" to Debtor's Motion to Use cash Collateral (Dkt. No. _____).

2. Debtor is authorized to use cash collateral up to the amounts allotted in its cash flow projections, with a ten percent (10%) variance for each week.

3. Debtor's use of its cash collateral is necessary to the preservation of the estate and the continuation of Debtor's business.

4. Debtor shall comply with Paragraph 41 of the Motion in order to provide the Secured Creditors adequate protection pursuant to 11 U.S.C. §§ 361 & 363 concerning Debtor's obligations to Secured Creditors and any diminution in Debtor's prepetition Collateral pursuant to 11 U.S.C. § 361(2), including:

   a. Debtor shall pay Meadowbrook Meat Company, as the first priority secured creditor, all invoices as they become due; and

   b. Debtor shall pay First Franchise Credit Corporation (i) monthly adequate protection payments of $30,000.00 per month; and (ii) $100,000.00 in a onetime lump-sum payment.

5. Debtor's authority to use the cash collateral will cease upon the occurrence of one of the following: (i) debtor fails to comply with its promises of adequate assurance in any fashion; (ii) conversion of this Chapter 11 proceeding to a Chapter 7; (iii) this Chapter 11 proceeding is dismissed without the consent of the Secured Creditors; or (iv) a material diminution in the amount of the Debtor's Cash Collateral Assets and, after notice and hearing, the Court determines that the Cash Collateral Assets are in excess of any adequate protection provided herein.

6. Debtor shall have the right to contest a default in the event that a Secured creditor declares a default under Paragraph 5 of this Order and, upon a determination by the Court that the adequate protection is intact, Debtor shall not be deemed in default hereunder.

7. A Final Hearing on Debtor's Motion Authorizing Cash Collateral will be held on **November_____, 2023**, at _____ ("Final Hearing"). Within two business days of the entry of this Order, Debtor shall serve, or cause to be served, a copy of this Order on all parties required to be served under Fed. R. Bankr. P. 4001(d). Any objection to this Order shall be filed with the Court via the Court's CM-ECF system or, if not filed electronically, with the Clerk of Court at One Division Ave N., Room 200, Grand Rapids, MI 49503 in accordance with Local Bankruptcy Rule 5005-1, by no later than **November\_\_\_, 2023**. Any such objection shall also be served upon Debtor at CBH Attorneys & Counselors, PLLC, 25 Division Ave. S., Suite 500, Grand Rapids, MI 49503; the Subchapter V Trustee; and the United States Trustee.

8. If no objection is made to this Order, it may become final at the Final Hearing.

9. Notwithstanding anything to the contrary herein, any payment made pursuant to this Order shall be subject to any requirements imposed on the Debtor under any order entered by the Court with respect to the use of cash collateral or post-petition financing.

10. This order is hereby deemed effective immediately upon its entry pursuant to Fed. R. Bankr. P. 6004(h).

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

**END OF ORDER**